UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR CORRUPTION INVESTIGATION | ) ) ) ) ) ) ) ) ) ML No: 25-485 |

*Reference:*   CRM-182-97026

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Argentina.  In support of this application, the United States asserts:

RELEVANT FACTS

1.     The Central Authority of Argentina, the Ministry of Foreign Affairs, International Trade and Worship, Directorate of International Legal Assistance, submitted a request for assistance (Request) to the United States, pursuant to the Inter-American Convention on Mutual Assistance in Criminal Matters, Aug. 27, 1992 - Feb. 28, 2006, S. Treaty Doc. No. 105-25 (Treaty).

2.     As stated in the Request, Federal Criminal and Correctional Court No. 2 of San Isidro, in Argentina, is investigating Mariano Bautista Diez and others for bribery, breach of public duty, aggravated illegal exactions, illicit enrichment of public officials, and intentional alteration of public administration records, which occurred from at least 2016 through at least 2019, in violation of the criminal law of Argentina, specifically, Articles 248, 256, 266, 267, and 268 of the Argentine Criminal Code and Article 11 of the Penal Tax Law, as per Law 27.430. Under the Treaty, the United States is obligated to assist in response to the Request.

3.     According to Argentine authorities, Mariano Bautista Diez (Diez) was an official employed by Argentina's Federal Administration of Public Revenue (AFIP).  According to a complaint filed by AFIP personnel, between 2016 and 2019, Diez received money from taxpayers in exchange for favorable treatment during audits conducted by the revenue agency.  It was also reported that he maintained a standard of living that appeared inconsistent with his declared income.  Diez, in his capacity as a public official, submitted financial disclosure statements to AFIP in which he declared account number JXD-05XXXX at Pershing LLC, located in the United States.  Pershing LLC is a subsidiary of the Bank of New York Mellon and provides clearing, brokerage custody, and other related services.

4.     To further the investigation, Argentine authorities have asked U.S. authorities to provide records from at Pershing LLC, pertaining to account number JXD-05XXXX and any other account held by Diez, to determine whether he received any unjustified asset increases during the investigated period and, if applicable, to trace the path of these illegal payments.

LEGAL BACKGROUND

5.      A treay[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968). A multilateral convention is a treaty under U.S. law.

6.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*          \*          \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*          \*          \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

8. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request and executes the request itself or delegates execution to another attorney for the government.[4] Upon

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 ("commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

9. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has the authority: (1) to issue an order requiring a person to appear and/or to produce documents or other things; (2) to administer any necessary oaths; and (3) to take testimony or statements and to receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or to produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

10. The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is

---

execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Foreign Affairs, International Trade and Worship, Directorate of International Legal Assistance, the designated Central Authority in Argentina, and seeks assistance in the investigation of bribery, breach of public duty, aggravated illegal exactions, illicit enrichment of public officials, and intentional alteration of public administration records – criminal offenses in Argentina. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of financial records, falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application was properly filed in the District of Columbia.

11. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

12. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of

Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner's subpoena.

13. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Susan P. Hunter
Trial Attorney
D.C. Bar Number 501430
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 305-7822
Susan.Hunter@usdoj.gov